IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JULIO CESAR AVALOS CERPAS, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:07-CR-279-CAP-GGB-33 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
|    Respondent. | :: | 1:14-CV-1880-CAP-GGB |

## FINAL REPORT AND RECOMMENDATION

Movant is a federal prisoner who, through counsel, filed a motion challenging his sentence under 28 U.S.C. § 2255. (Doc. 2090.)[1] Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion."[2] Rule 4, § 2255 Proceedings.

---

[1] All citations are to case number 1:07-cr-279-CAP-GGB.

[2] District courts may sua sponte dismiss § 2255 motions after affording the parties fair notice. *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006). This Report and Recommendation provides such notice.

I have examined Movant's § 2255 motion and the record in this case. As explained below, I find it plainly apparent that Movant is not entitled to relief because his § 2255 motion is untimely.

## I.   Background

In March 2009, Movant pled guilty in this case to counts one and twenty of the third superseding indictment. (Docs. 1142, 1160.) Count one charged him with possessing with intent to distribute at least 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841 and 846, while count twenty charged him with conspiring to launder money in violation of 18 U.S.C. § 1956(h). (Doc. 811.) The statute applicable to the drug crime imposed a minimum sentence of ten years' imprisonment because Movant admitted when he pled guilty that the conspiracy involved at least five kilograms of cocaine. (Doc. 1318 at 19, 21 (Movant admitting at plea hearing that he participated in a conspiracy involving at least five kilograms of cocaine)); *see* 21 U.S.C. § 841(b)(1)(A)(viii). That statute imposed a maximum sentence of life imprisonment.[3]   21 U.S.C. § 841(b)(1)(A)(viii).

---

[3] The money laundering statute imposed no minimum sentence and a maximum sentence of twenty years' imprisonment. 28 U.S.C. § 1956.

2

The Court imposed concurrent sentences of twenty-five years' imprisonment for the drug crime and twenty years' imprisonment for money laundering. (Doc. 1695.) At the sentencing hearing, the Court made factual findings regarding the drug quantity attributable to Movant that increased the advisory range of imprisonment under the U.S. Sentencing Guidelines (the "Guidelines"). (Doc. 1754 at 94-96 ("[T]he Court finds by a preponderance of the evidence that at least 67 kilos are attributable to the defendant.").)

The court of appeals affirmed the judgment of conviction in September 2010. *United States v. Cerpas*, 397 F. App'x 524 (11th Cir. 2010). The court of appeals rejected Movant's argument that the Court erred in finding by a preponderance of the evidence that Movant was responsible for over fifty kilograms of cocaine. *Id.* at 526-28. On October 1, 2012, the U.S. Supreme Court denied Movant a writ of certiorari. (Doc. 2025).

Movant filed his § 2255 motion on June 16, 2014. (Doc. 2090.) Movant contends in his motion that the Court improperly sentenced him based on facts not found beyond a reasonable doubt, thus violating the right recognized in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (*Id.*) Movant seeks a new sentence of seventy months' imprisonment or, at most, ten years. (*Id.* at 26-27.)

3

## II. Analysis

Movant suggests that his § 2255 motion is timely because he filed it within one year of "'the date on which the right asserted was initially recognized by the Supreme Court'" in *Alleyne*. (*Id.* at 1 (citing 28 U.S.C. § 2255(f)(4)))  Although Movant cited § 2255(f)(4), it is evident that he relies on § 2255(f)(3), which provides that the one-year statute of limitations applicable to § 2255 motions begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3); *Dodd v. United States*, 365 F.3d 1273, 1281 (11th Cir. 2004).  Movant conveniently quoted only the first clause in § 2255(f)(3) and neither acknowledged nor discussed the second clause regarding retroactive applicability.  (*See* Doc. 2090.)  That may be because the law is against him on that point.

While the Supreme Court recognized a new right in *Alleyne* – the right to have a jury find facts that increase a mandatory minimum sentence – the right is not retroactively applicable to cases on collateral review according to a recent decision by the U.S. Court of Appeals for the Eleventh Circuit.  *Chester v. Warden*, No. 12-15119, 2014 WL 104150, at *4 (11th Cir. Jan. 13, 2014) ("[B]ecause it is based on

4

the *Apprendi* rule, *Alleyne*'s rule does not apply retroactively on collateral review."). It appears that every other federal court of appeal to decide the issue agrees with that conclusion. *See United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013); *United States v. Redd*, 735 F.3d 88, 91-92 (2d Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). And this Court has reached the same conclusion in cases where federal prisoners argued that their § 2255 motions were timely under § 2255(f)(3) based on *Alleyne*. *Sims v. United States*, No. 1:04-CR-48-ODE, 2014 WL 229335, at *3, *5 (N.D. Ga. Jan. 21, 2014); *United States v. Marroquin-Alvarez*, No. 1:08-CR-363-TWT-8, 2013 WL 6190522 (N.D. Ga. Nov. 26, 2013); *Richards v. United States*, No. 1:07-CR-412-CAP-18, 2013 WL 5636678 (N.D. Ga. Oct. 15, 2013); *see Reed v. United States*, No. CV513-088, 2014 WL 346760, at *2 (S.D. Ga. Jan. 30, 2014) (denying § 2255 motion as untimely because *Alleyne* does not apply retroactively).

Movant has not shown that this Court or the court of appeals erred in concluding that *Alleyne* does not apply retroactively. Indeed, as noted above, he did not discuss the retroactivity issue at all.

5

Section § 2255(f)(1) thus applies in this case, i.e., the limitations period began when Movant's judgment of conviction became final. A judgment of conviction becomes final when all appeals have been decided or the time to seek further review has expired. *Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003).

Movant's judgment of conviction became final on October 1, 2012, the date the Supreme Court denied his petition for certiorari. (Doc. 2025.) The limitations period thus began on that date and ended on October 1, 2013.[4] Movant filed his § 2255 motion on June 16, 2014, several months after the statute of limitations expired. The motion is therefore untimely.

Even if Movant's § 2255 motion was timely, his substantive claim that the Court improperly found facts impacting his sentence would fail. Movant admitted the facts underlying the federal crimes to which he pled guilty, including the quantity of cocaine that subjected him to the statutory minimum of ten years' imprisonment. (Doc. 1318 at 19, 21); *see* 21 U.S.C. § 841(b)(1)(A)(viii). The facts

---

[4] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," i.e., the same day of the same month in the following year. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (quotation marks omitted).

Movant disputed and that the Court found at sentencing did not trigger or increase any statutory minimum sentence.  Those facts increased only the Guidelines range.  Because, as explained below, *Alleyne*'s holding is limited to facts that increase statutory minimum sentences, and not facts that increase the Guidelines range, the Court's fact-finding did not violate *Alleyne*'s rule.

The Supreme Court held in *Alleyne* that "any fact that increases the *mandatory* minimum is an 'element' that must be submitted to the jury." *Alleyne*, 133 S. Ct. at 2155 (emphasis added).  The facts found by the sentencing judge in *Alleyne* increased the statutory minimum sentence from five years' imprisonment to seven years' imprisonment. *Id.* at 2155-56.  The minimum sentence provided by the statute was the "mandatory" sentence to which the Supreme Court referred in its holding in *Alleyne*. *Id.* at 2157-58, 2161 n.2 ("Juries must find any facts that increase either the *statutory* maximum or minimum . . . ." (emphasis added)); *see United States v. Rivera*, No. 13-11538, 2014 WL 943174, at *4 (11th Cir. Mar. 12, 2014) ("In *Alleyne*, the Supreme Court held that any fact, other than a prior conviction, that increases the *statutory* minimum punishment is an element that must be charged in the indictment and proved beyond a reasonable doubt." (emphasis added)); *Fulford v. United States*, No. 09-0257-WS-M, 2013 WL

7

5934492, at *2 (S.D. Ala. Nov. 5, 2013) ("By 'mandatory minimum sentences,' the *Alleyne* Court meant statutory minimum sentences, not advisory guideline ranges."). The Guidelines contain no mandatory sentences because they are merely advisory and are not binding on the courts (and were advisory at the time Movant was sentenced). *United States v. Booker*, 543 U.S. 220, 245 (2005).

In *Alleyne*, "[t]he Court cautioned that its holding did not disturb judicial fact-finding at sentencing for facts that do not impact the statutory punishment." *Rivera*, 2014 WL 943174, at *4. The federal appellate courts to address the issue thus have held that *Alleyne*'s rule does not apply to judicial fact-finding that increases only the Guidelines sentencing range. *See id.*; *United States v. Ramirez-Negron*, ___ F.3d ___, No. 10-1524, 2014 WL 1856762, at *5 (1st Cir. May 9, 2014) ("[F]actual findings made for purposes of applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not violate the rule in *Alleyne*. The holdings of the seven circuit courts to have addressed this issue agree with our view."); *United States v. Valdez*, 739 F.3d 1052, 1054 (2014) ("The district court did not err by calculating a greater drug quantity solely for purposes of determining Valdez's Guideline range without

requiring proof beyond a reasonable doubt or a jury finding or admission."); *United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013) ("*Alleyne* did not extend *Apprendi* to facts that do not increase the prescribed statutory penalties."); *United States v. Baum*, 542 F. App'x 724, 727 (10th Cir. 2013) (rejecting argument that *Alleyne* required proof beyond a reasonable doubt of facts enhancing sentence where "the enhancement increased [only] his advisory Guidelines range"); *United States v. Anderson*, 532 F. App'x 373, 379 n.1 (4th Cir. 2013) ("*Alleyne* involves the application of mandatory minimum sentences and is not relevant to the advisory Guidelines enhancement dispute here."); *United States v. Neuner*, 535 F. App'x 373, 377 n .3 (5th Cir. July 10, 2013) ("The *Alleyne* decision applies to inappropriate increases in statutory mandatory minimum sentences.").

"Because the enhancement applied to [Movant] only affected [his] Sentencing Guidelines range, not [his] statutory mandatory minimum or maximum, [his] reliance on *Alleyne* is misplaced."  *See Rivera*, 2014 WL 943174, at *4. Movant's claim in his § 2255 motion would thus fail even if he had timely presented it.

9

### III. Conclusion

For the foregoing reasons, I **RECOMMEND** that Movant's motion to vacate his conviction under 28 U.S.C. § 2255 [2090] be **DISMISSED** under Rule 4 as untimely and that case number 1:14-cv-1880-CAP-GGB be **DISMISSED**. I further **RECOMMEND** that a certificate of appealability be **DENIED** because it is not reasonably debatable that Movant's § 2255 motion is untimely or that his claims lack merit. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 2nd day of July, 2014.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)